UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00282-FDW-DSC

| | | |
|---|---|---|
| RICKEY GENE STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PUBLIC STORAGE CAPITAL | ) | |
| VENTURES CORP., et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte*. Plaintiff Rickey Gene Stafford ("Plaintiff"), proceeding *pro se*, filed his Complaint May 30, 2014, alleging "a gross malice, ferrous act of Daggravation [sic] of pro se's Citizens Acts Rights Law Privileges in their entirety" and a "attempt[ed] hostile corporate takeover." (Doc. No. 1). Most notably, Plaintiff seeks relief of "Twelve Gillion, one Trillion, one hundred million dollars." (Doc. No. 1). Because the relief sought is inconceivable at best, Plaintiff's Complaint is DISMISSED *without prejudice*.

If necessary, a court has the inherent right to dismiss a case *sua sponte*, and derives that power from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626 (1962). Here, Plaintiff's requested relief is implausible, inconceivable, and simply unrealistic. Allowing Plaintiff's Complaint to proceed would only waste the parties' time, as well as the Court's, when the relief sought is so incredulous it can never be realistically obtained.

Accordingly, Plaintiff's Complaint (Doc. No. 1) is DISMISSED *without prejudice* and all pending motions are DISMISSED as MOOT. (Docs. Nos. 6, 14). The Court notes, however, that if Plaintiff believes he has sufficient grounds for a claim and chooses to file a new Complaint, Plaintiff must remember to adhere to Rule 8 and 12 of the Federal Rules of Civil Procedure if he wishes his claim to survive.[1]

The Clerk is respectfully DIRECTED to CLOSE THE CASE and TERMINATE all pending motions. (Docs. Nos. 6, 14).

IT IS SO ORDERED.

Signed: July 14, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] Defendants' filed two separate Motions to Dismiss pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure for insufficient service of process and insufficient process. (Docs. Nos. 6, 14). Even though the motions are moot based on the Court's Order, both motions presented sufficient grounds for dismissal of the Complaint. Consequently, Plaintiff is reminded he must obey Rule 4 of the Federal Rules of Civil Procedure if he chooses to re-file.